IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRENDA BOUTWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 07-0447-WS-C |
| | ) | |
| ADVANCE CONSTRUCTION | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the Court on defendant's Motion to Dismiss for Improper Venue or Alternatively Motion to Transfer Venue (doc. 13). The Motion has been briefed and is ripe for disposition at this time.

I.     **Background.**

This action arises from plaintiff Brenda Boutwell's contention that she was subjected to sex discrimination by her employer, defendant Advance Construction Services, Inc., with respect to her compensation, the termination of her employment, and her supervisor's repeated statements that a construction site is no place for women. The Complaint (doc. 1) filed by plaintiff's counsel asserts claims against Advance under the Equal Pay Act, 29 U.S.C. § 206(d), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* The Complaint links plaintiff's claims to this forum by alleging that Boutwell is a resident of Alabama, that Advance is an Alabama corporation, and that Advance does business in this judicial district and division.

Upon being served with the Complaint, Advance filed a motion under Rule 12(b)(3), Fed.R.Civ.P., seeking dismissal of this action for improper venue or, alternatively, transfer of venue to the Northern District of Florida. Plaintiff has filed a response stating her belief that venue is proper in this judicial district, but asserting that she has no objection to this action being transferred to the Northern District of Florida.

II.    **Analysis.**

    *A.*       *Venue is Not Proper in this District.*

       Although venue determinations are generally made by reference to 28 U.S.C. § 1391, in Title VII actions that general provision must yield to the special venue requirements of 42 U.S.C. § 2000e-5(f)(3).  *See Johnson v. Payless Drug Stores Northwest, Inc.*, 950 F.2d 586, 587 (9th Cir. 1991) (determining that § 2000e-5(f)(3) trumps § 1391 in Title VII employment discrimination actions).[1]  That provision provides, in pertinent part, as follows:

> "[A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice ...."

42 U.S.C. § 2000e-5(f)(3).  "If the plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements listed in 42 U.S.C. § 2000e-5(f)(3), venue is improper."  *Buesgens v. Coates*, 435 F. Supp.2d 1, 3 (D.D.C. 2006).

       "In general, the effect of Title VII's venue provision is to allow suit in the judicial district in which the plaintiff worked or would have worked."  *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 504-05 (9th Cir. 2000); *see also Foxx v. Dalton*, 46 F. Supp.2d 1268, 1275 (M.D. Fla. 1999) ("It was the clear intent of Congress to allow lawsuits such as these to only be brought in districts that are concerned with the alleged employment discrimination.").  A plain reading of § 2000e-5(f)(3) confirms that venue in Title VII actions is proper in any of the following fora: (1) in any judicial district in a state where the alleged Title VII violation occurred; (2) in the judicial district in which the employment records pertaining to the Title VII violation are maintained; and (3) in the judicial district in which the plaintiff would

---

       [1]      *See also Bolar v. Frank*, 938 F.2d 377, 379 (2nd Cir. 1991) ("Almost uniformly, courts considering this question have applied section 2000e-5(f)(3) to determine venue in employment discrimination actions premised on Title VII"); *Perkins v. Town of Princeville,* 340 F. Supp.2d 624, 625 (M.D.N.C. 2004) ("[T]he venue provision in Title VII, rather than the general venue provision of 28 U.S.C. § 1391(b), governs the venue determination in this case."); *Pinson v. Rumsfeld*, 2006 WL 1374473, *5 (11th Cir. May 18, 2006) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and ... the more general provisions of § 1391 are not controlling in such cases.").

have worked had there been no Title VII violation.[2]  Plaintiff neither disputes the validity of these criteria nor suggests that any of them are satisfied here.  Moreover, defendant has submitted substantial evidence that venue does not lie in this District Court under any of these statutory prongs, each of which will be examined in turn.

Concerning the location of the alleged discriminatory conduct,  Boutwell's underlying EEOC Charge establishes that the Title VII violations occurred during her employment for Advance in Cantonment, Florida.  (*See* doc. 14, at tab A ("I was employed at Advance ... in Cantonement [*sic*], Florida.").  Similarly, defendant offers the Declaration of Ron Edge, Advance's Business/Office Manager, who states that the three primary jobs to which Boutwell was assigned during her employment for Advance, including the job she worked at the time of her dismissal, were located in Florida.  (Doc. 14, at Exh., ¶¶ 8-9.)  Boutwell does not suggest that this evidence is inaccurate or that any of the conduct about which she is complaining in this lawsuit occurred in Alabama.  As it is evident that Boutwell seeks relief for events and occurrences that happened exclusively in Florida, she cannot lay venue in this District Court under the first prong of § 2000e-5(f)(3).

As for the location at which the relevant employment records are maintained and administered, Edge states that Boutwell's "personnel file was and is maintained in Advance's office in Cantonment, Florida."  (Doc. 14, at Exh, ¶ 4.)  Plaintiff does not attempt to rebut defendant's evidence on this point, but merely states in conclusory, unsupported fashion in her brief that "[i]t was unknown to the Plaintiff at the time of filing where her employment files were located."  (Response (doc. 18), at 1.)  There is thus apparently no dispute that the employment records pertaining to Boutwell's Title VII claims are maintained in the Northern District of

---

[2]     For the sake of completeness, the Court acknowledges that the statute allows for a fourth possibility, such that venue properly lies in the judicial district where the defendant's principal offices are located, but only if the defendant cannot be found in any of the districts covered by the first three possibilities.  That scenario does not exist here, as there is no evidence or argument that Advance cannot be haled into court in any of the judicial districts that may properly constitute venue under the first three prongs of § 2000e-5(f)(3); therefore, this fourth venue option is inapplicable, and will not be considered further.  *See Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102-03 (D.C. Cir. 1969) ("Only where the putative employer cannot be brought before the court in one of those districts may the action be filed in the judicial district in which he has his principal office."); *Buesgens*, 435 F. Supp.2d at 5 (similar).

Florida, and not in this judicial district.  As such, the second prong of Title VII's special venue provision does not support venue in this District Court.

The third § 2000e-5(f)(3) prong is satisfied when a lawsuit is brought in a judicial district in which the plaintiff would have worked but for the Title VII violation.  It is undisputed that when Boutwell's employment was terminated, she was working for Advance on a job site in Florida.  (Edge Decl., ¶ 9; doc. 14, at tab A, ¶ III.f.)  As such, the parties are apparently in agreement that in the absence of the alleged discriminatory conduct, Boutwell would have continued working for Advance in Florida.  That circumstance cannot satisfy the third prong of the special venue provision of Title VII or vindicate Boutwell's decision to file suit in this judicial district.

In light of the foregoing, the undersigned readily concludes that venue is not proper in this judicial district because none of the requirements of § 2000e-5(f)(3) are satisfied.[3]

**B.      *The Interests of Justice Favor Transfer.***

The only remaining question is whether dismissal or transfer is the appropriate remedy.  Advance takes the position that the case should be dismissed because of the venue defect, while Boutwell asserts that the interests of justice warrant transferring this action to the Northern District of Florida, rather than dismissing it.

Under 28 U.S.C. § 1406(a), when a complaint is filed laying venue in the wrong district, a district court may dismiss or, in the interests of justice, may transfer that action to any district in which it could have been brought.  In applying § 1406(a), "the decision whether to transfer a case is left to the sound discretion of the district court and is reviewable only for an abuse of that discretion."  *Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982,

---

[3]      Despite her conclusory statement in her brief that she believes venue to be proper here, Boutwell does not identify any aspect of Title VII's special venue statute that she maintains has been satisfied.  Rather, to bolster her choice of venue she points to such considerations as the following: (a) Advance is an Alabama corporation, doing business in this district; (b) Advance has an office and agent in Alabama; (c) Boutwell did not know where her personnel files were maintained when she filed suit; (d) her EEOC charge was filed and investigated in this judicial district; and (e) many witnesses for trial reside in Alabama.  But none of these facts, even if proven, are directly germane to the § 2000e-5(f)(3) inquiry, and plaintiff advances no legal argument that the Title VII special venue provision does not control.  For that reason, the factors recited by Boutwell to support her filing in this forum are not persuasive.

985 (11th Cir. 1982); *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2nd Cir. 1993) ("Whether dismissal or transfer is appropriate lies within the sound discretion of the district court."). "Generally, the interests of justice [favor] transferring a case to the appropriate judicial district rather than dismissing it."  *Simpson v. Federal Bureau of Prisons*, 496 F. Supp.2d 187, 194 (D.D.C. 2007); *Spherion Corp. v. Cincinnati Financial Corp.*, 183 F. Supp.2d 1052, 1059-60 (N.D. Ill. 2002) ("Transfer is ordinarily in the interest of justice because dismissal of an action that could be brought elsewhere is time consuming and may be justice-defeating.") (internal quotations and citations omitted); *Yurman Designs, Inc. v. A.R. Morris Jewelers*, 60 F. Supp.2d 241 (S.D.N.Y. 1999) ("Dismissal is a severe penalty, and courts will ordinarily transfer a case when proper venue can be determined.") (citations omitted); *NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp.2d 317, 319 (D.N.J. 1998) ("Dismissal is considered to be a harsh remedy ..., and transfer of venue to another district court in which the action could originally have been brought, is the preferred remedy.").

In the case at bar, the interests of justice clearly weigh in favor of transfer, rather than dismissal.  As Boutwell points out (with no disagreement from Advance), if this action is dismissed for her technical error, any attempt she might make to refile this action in a district where venue properly lies will be time-barred, effectively stripping her of a remedy in the absence of a transfer.  The interests of justice are unquestionably served by affording Boutwell an opportunity to prove her claims on the merits, rather than diverting them at the courthouse door simply because her lawyer erroneously filed the Complaint in the wrong district.  After all, "the § 1406(a) transfer provision is designed to preserve claims that rigid application of dismissal rules may bar."  *Lafferty v. St. Riel*, 495 F.3d 72, 79 (3rd Cir. 2007).  For that reason, federal courts have routinely transferred cases, rather than dismissed them, where dismissal would be tantamount to a death knell for the plaintiff's claims.  *See, e.g., Minnette*, 997 F.2d at 1026-27 (holding that transfer under § 1406(a) was in the interest of justice when the 90-day right-to-sue period in Title VII cases had expired); *Simpson*, 496 F. Supp.2d at 194 (explaining that transfer is appropriate when procedural obstacles such as statute-of-limitations bar would otherwise impede expeditious and orderly adjudication on the merits); *Weber v. Ideker, Inc.*, 978 F. Supp. 1419, 1420 (D. Kan. 1997) (finding that transfer rather than dismissal was proper where a claim would otherwise be time-barred upon refiling).  Moreover, there is no allegation that

Advance has been prejudiced, and no reason to believe that Boutwell was acting with any improper purpose in filing suit in Alabama, rather than Florida, much less that her selection of this forum amounted to bad faith or harassment.

Notwithstanding the foregoing, Advance seeks to press its strategic advantage accruing from Boutwell's forum error by insisting that dismissal is warranted. In support of its position, Advance relies heavily on the Eleventh Circuit's unpublished decision in *Pinson v. Rumsfeld*, 2006 WL 1374473 (11th Cir. May 18, 2006). In particular, Advance characterizes *Pinson* as a case in which the appellate court "clearly indicated that under Section 1406(a) a case should be transferred instead of dismissed only in the limited situation where a party was deceived as to the proper court in which to file suit <u>and</u> the case was time-barred by the time of dismissal." (Defendant's Reply (doc. 19), at 5.) This statement distorts *Pinson* by a considerable margin. Contrary to defendant's argument, *Pinson* did not trammel lower courts' discretion to decide whether to dismiss or transfer by circumscribing transfers to two narrow circumstances; to the contrary, *Pinson* explicitly recognized and reaffirmed that district courts enjoy broad discretion in deciding such matters. *Pinson* did not say that both deception as to the proper forum and time-barred status are absolute prerequisites to any § 1406(a) transfer. Rather, the *Pinson* court merely explained that the decision of whether to transfer or dismiss is discretionary, and that transfer has been deemed compulsory only if those two factors are present. Under no reasonable reading can *Pinson* be read as standing for the proposition that a § 1406(a) transfer is <u>permissible</u> only where a party has been duped into filing in the wrong forum and the case was time-barred by the time it was dismissed. Such an interpretation would contravene longstanding, unbroken federal precedent construing § 1406(a). Thus, defendant's argument for dismissal is devoid of merit.[4]

---

[4]     Even if defendant's construction of *Pinson* were valid, which it is not, the fact remains that *Pinson* is unpublished and therefore nonbinding. *See, e.g., See* 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent."); *Twin City Fire Ins. Co. v. Ohio Cas. Ins. Co.*, 480 F.3d 1254, 1260 n.3 (11th Cir. 2007) (observing that unpublished opinions do not constitute binding precedent and are persuasive only to the extent that a subsequent panel deems them so after independent consideration of the legal issue).

**III.    Conclusion.**

For all of the foregoing reasons, defendant's Motion to Dismiss for Improper Venue or Alternatively Motion to Transfer Venue (doc. 13) is **granted in part**, and **denied in part**. Defendant's request that this action be dismissed for improper venue is **denied**, but its alternative request that this action be transferred is **granted**.  Pursuant to 28 U.S.C. § 1406(a), this action is hereby **transferred** to the United States District Court for the Northern District of Florida for further proceedings.  The Clerk's Office is directed to undertake all necessary measures to effectuate the transfer.

DONE and ORDERED this 11th day of October, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE