# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

BRENDA BOUTWELL,

    Plaintiff,

v.                                          Case No. 3:07-cv-444/LAC/EMT

ADVANCE CONSTRUCTION SERVICES, INC.,

    Defendant.

_____/

## O R D E R

Pending before the Court are Defendant's Motions for Judgment on the Pleadings (doc. 79) and for Summary Judgment (doc. 80) and documents in support thereof (Docs. 81-84). Plaintiff has responded to the motions (docs. 87, 92, 94, 96, 99). The Court has taken the matter under advisement and is now prepared to rule on Defendant's motions. For the reasons stated below, Defendant's motions are denied.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317,

322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "[T]he substantive law will identify which facts are material" and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. *See id.*

At the summary judgment stage, a court's function is not to weigh the evidence to determine the truth of the matter, but to determine whether a genuine issue of fact exists for trial. *See id.* at 249, 106 S. Ct. at 2510–11. A genuine issue exists only if sufficient evidence is presented favoring the nonmoving party for a jury to return a verdict for that party. *See id.* "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust Co. v. Fidelity and Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).

When assessing the sufficiency of the evidence in favor of the nonmoving party, the court must view all the evidence, and all factual inferences reasonably drawn from the evidence, "in the light most favorable to the non-moving party." *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993). The court is not obliged, however, to deny summary judgment for the moving party when the evidence favoring the nonmoving party is "merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 249–50, 106 S. Ct. at 2511. "A mere 'scintilla' of evidence supporting the . . . [nonmoving] party's

position will not suffice" to demonstrate a material issue of genuine fact that precludes summary judgment. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (quoting *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512).

Accordingly, where there is disagreement as to the facts of this case, the following relies upon Plaintiff's version of the facts. On June 21, 2007, Plaintiff filed this Title VII civil action, claiming discrimination on the basis of her gender. Plaintiff was employed by the Defendant construction company from June 21, 2005, to June 13, 2006, and in January of 2006 was assigned to a crew supervised by Brian Ellis, with whom she remained as the only female heavy equipment operator on his crew until she was terminated. On the day of Plaintiff's termination, her boyfriend John Rowell, with whom she rode to work, walked off the job after a disagreement with the supervisor on site, J.R. Edge. Plaintiff then informed Edge that she was also leaving in order to take Rowell home, and Edge permitted her to do so. When Plaintiff arrived at home she called Ellis to ask about coming in the next day and was told that, since Rowell was going to be terminated, she would be terminated as well.

Defendant cites to the well-established three pronged analysis set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), whereby Plaintiff can make out a a *prima facie* case of disparate treatment in the workplace by proving that "(1) [she] belongs to a protected class; (2) [she] was subjected to adverse job action, (3) [her] employer treated similarly situated employees outside [her] classification more favorably, and (4) [she] was qualified to do the job." *Maniccia v. Brown*, 171 F.3d

1364, 1368 (11th Cir. 1999). Defendant asserts that, under this standard, Plaintiff cannot meet her burden to show that other employees who were similarly situated to her were treated more favorably than she, that is, that they were not fired under like circumstances. Although it appears to the Court that Plaintiff has failed to meet this burden, resolution of this issue is not pivotal to the outcome of the motion. This is because use of the *McDonnell Douglas* test is inappropriate in cases where direct evidence of discrimination is proffered. See *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121, 105 S.Ct. 613, 622, 83 L.Ed.2d 523 (1985) (citing *Teamsters v. United States*, 431 U.S. 324, 358, n. 44, 97 S.Ct. 1843, 1866, n. 44, 52 L.Ed.2d 396 (1977)). "The shifting burdens of proof set forth in *McDonnell Douglas* are designed to assure that the plaintiff has his day in court despite the unavailability of direct evidence." *Id.* (citation omitted). Thus, if plaintiff asserts sufficient direct evidence of discrimination, summary judgment is not available.

In this regard, Plaintiff alleges that, prior to her firing, that she had had frequent discussions with Ellis in which Ellis stated that women were not acceptable for construction work.[1] Ellis is also claimed to have stated that he was only continuing to employ Plaintiff as a favor to Rowell,[2] and that if Rowell ever left the company, he would fire Plaintiff because she was a female. Although Defendant disputes this version of the facts, the Court finds this to be sufficient direct evidence to create a genuine dispute as to whether Ellis acted

---

[1] Plaintiff states that there were occasions when she, Ellis and Rowell would all ride to work together.

[2] Ellis was not involved in Plaintiff's hiring.

with discriminatory intent in his firing of Plaintiff. Summary judgment is therefore inappropriate. As well, Defendant's motion for judgment on the pleadings, because it asserts substantially the same legal issues, is due to be denied as well.

Accordingly, IT IS HEREBY ORDERED:

1. Defendant's Motions for Judgment on the Pleadings (doc. 79) and for Summary Judgment (doc. 80) are **DENIED.**

**ORDERED** on this 21st day of May, 2009.

*s/L.A. Collier*
Lacey A. Collier
Senior United States District Judge